FILED
SUPERIOR COURT
OF GUAM

2024 JAN 18 PM 1:46

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                Plaintiff,<br><br>vs.<br><br>NAKITA T. AGUON,<br>DOB: 06/12/1990<br><br>                Defendant. | Criminal Case No. __CM0145-21__<br><br><br>**DECISION AND ORDER**<br>**(Disqualification**<br>**Of Prosecutor)** |

## INTRODUCTION

This matter is before the Honorable Alberto E. Tolentino ("Judge Tolentino"), for the limited purpose of addressing Nakita C. Aguon's ("Defendant") Motion for Disqualification of Prosecutor filed Sept. 5, 2023. Defendant seeks to disqualify Assistant Attorney General Grant Olan ("AAG") from prosecuting the underlying case. Attorney David J. Lujan, Esq. represents the Defendant. Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order memorializing its earlier denial of the motion.

## BACKGROUND

On May 25, 2021, the Office of the Attorney General filed a criminal complaint alleging that Defendant committed the offense of Driving While Impaired (As a Misdemeanor). Complaint, May 26, 2021. Trial commenced on November 16, 2022, with jury selection, and has continued with several interruptions over the last nine months. Motion for Disqualification of Prosecutor, September 5, 2023.

On September 6, 2023, a hearing was held on Plaintiff's Motion for Disqualification of Prosecutor. The People argued their position orally and waived their right to submit a brief in response to the Defendant's written motion. At the hearing, while the AAG conceded that the substance of his statements was identical to what the Defendant claims, he denies engaging in ageist statements regarding Mr. Lujan. Furthermore, the AAG denies allegations that he was directing such comments at the Defendant, and insisted he was discussing the case with his investigator during the course of conducting business.

While giving the Plaintiff an opportunity to file a written reply, this Court issued an oral ruling denying the Motion for Disqualification. Defendant's Reply in Further Support of Motion for Disqualification of Prosecutor, Oct. 2, 2023. The Court, however, allowed counsel to submit a reply to the People's Opposition to complete the record. On Oct. 2, 2023, Defendant then filed a Reply in Further Support of Motion for Disqualification of Prosecutor.

## DISCUSSION

In its Reply, Defendant argues that this Court focused too narrowly on whether the AAG violated Rule 4.2 of the Guam Rules of Professional Conduct. Furthermore, Defendant alleges that the AAG's conduct demonstrated vindictive personal bias against Defendant, which the Court failed to consider when applying the appropriate legal standard, and which Defendant believes if cured would have caused the Court to reach a different conclusion.

Rule 4.2 of the Guam Rules of Professional Conduct provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter. unless the lawyer has

the consent of the other lawyer or is authorized to do so by law or a court order.

Rule 4.2, Guam Rules of Professional Conduct (2003).

The Defendant alleges that this Court, when handing down its ruling from the bench, focused too narrowly on whether the AAG violated Rule 4.2 of the Guam Rules of Professional Conduct. Defendant alleges that the AAG engaged in bullying tactics that served no substantial purpose other than to intimidate, citing Rule 8.4(d) of the Guam Rules of Professional Conduct, which provides:

> Threats, bullying, harassment, and other conduct serving no substantial purpose other than to intimidate…anyone associated with the judicial process including…opposing counsel, litigants…violate the prohibition on conduct prejudicial to the administration of justice.

Rule 8.4(d), Guam Rules of Professional Conduct (2003).

The Defendant further alleges that the suggestion of vindictive personal bias is prejudicial to the administration of justice. *Barrett-Anderson v. Comacho,* 2018 Guam 20 ¶ 18-19 (the Court recognized that "in criminal proceedings where there is a suggestion of vindictive personal bias by the prosecutor, disqualification should be considered by an appearance of impropriety standard."). This Court finds no merit in Defendant's argument and rejects it outright.

In this case, the appropriate legal standard is whether an attorney participated in an action that violates or significantly risks violating the Guam Rules of Professional Conduct in such a way that it is prejudicial to the administration of justice. It is a fact that the AAG was speaking to the People's investigator in such a way that he could be overheard by the Defendant; consequently, the AAG has been admonished and reminded to speak with more discretion. However, this Court reiterates that the observation or merely observing someone conduct

business is not the same as communicating with them. *Hill v. Shell Oil Co.*, 209 F Supp. [2d] 876 (N.D. Ill. 2002). In this instance, Defendant was merely observing the AAG and the People's investigator as they conducted the People's business. As such, a reasonable person would not conclude that the AAG's behavior gives the appearance of impropriety.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant's request to disqualify the prosecutor.

SO ORDERED, *Nunc Pro Tunc* to September 6, 2023, this ___ day of JAN 1 8 2024, 2024.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam